RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/10/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DEMOND E. COLEMAN                DOCKET NO. 14-CV-798; SEC. P
    LA. DOC. #366454

VERSUS                               JUDGE DEE D. DRELL

T. HAILEY, ET AL.                 MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Pro se Plaintiff, Demond E. Coleman, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 11, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), and he is incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. He complains that he was deprived of timely and adequate medical care following an injury to his eye, and that he was subjected to unconstitutional conditions of confinement. Coleman names as defendants Nurse T. Hailey, Nurse Wendy Culp, Warden Keith, and Corrections Corporation of America ("CCA").[1] Plaintiff seeks compensatory, punitive, and nominal damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

---

[1] In his initial complaint, Plaintiff also named as defendants Supervisor Ward, Officer Wyatt, Assistant Williams, Assistant King, Pat Thomas, and Chief Lucas. However, in amending his complaint, he has omitted these individuals as defendants.

*Factual Allegations*

Plaintiff alleges that on March 20, 2013, he informed Capt. Ward that he wanted to make a medical emergency call because he had been struck in the eye by an elbow while playing basketball. Plaintiff's examination was begun by Nurse Jones, but at shift change, Nurse Hailey took over the examination. [Doc. #1, p.5] Nurse Hailey accused Plaintiff of being involved in a fight with another inmate. Nurse Culp entered the exam room and also accused Plaintiff of a fight. Eventually Nurse Hailey conducted a visual exam by shining a light into Plaintiff's eye. Plaintiff was provided an ice pack and instructed to lie down on the cot in the infirmary.

Twenty minutes later, he was told to return to the general population. [Doc. #5] Plaintiff questioned the order, stating that he could not see and had not received any medication for pain. Hailey then instructed Officer Wilson to call Capt. Ward. Hailey told Ward that Plaintiff had refused to return to the dorm. Plaintiff was escorted by wheelchair to the Cypress Unit (lock down). Plaintiff was placed in lockdown without a mattress for three nights and four days.

While on lockdown, Plaintiff made another medical emergency. He states that Williams, Farmer, and Wyatt were convinced that Plaintiff was in serious pain. Farmer and Wyatt carried Plaintiff to the nurse's station. The nurse instructed Farmer and Wyatt to

hold Plaintiff's head in place so she could examine his eye with a bright light. She had Plaintiff returned to his cell with no further treatment.

Plaintiff attempted to make another medical emergency through Nurse Culp, but she refused. The following day, Plaintiff awoke in pain. Case Manager Bradford called Nurse Smith, who said that she would check on Plaintiff when distributing the morning medication. Nurse Smith put Plaintiff on the list to see the physician. Plaintiff was escorted to Dr. Kuplensky. The doctor had Plaintiff transported to LSU medical center for x-rays, which revealed two broken bones below his eye. Plaintiff was prescribed four medications.

On April 4, 2014, Plaintiff was brought before the disciplinary board, but it does not appear that he was convicted of any infraction.

## *Law and Analysis*

1. **Warden Keith and CCA**

   Plaintiff names as defendants Warden Tim Keith and CCA. He claims that Keith is liable for the officers acting under his authority. Liability under section 1983 cannot be established solely on a theory of respondeat superior. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691 (1978)(finding no vicarious liability for a municipal "person" under 42 U.S.C. 1983; see also Dunlop v. Munroe, 7 Cranch 242, 269 (1812)(a federal

official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); Robertson v. Sichel, 127 U.S. 507, 515-516 (1888)("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties."). Because vicarious liability is inapplicable to §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). There are no allegations of involvement by Warden Keith.

Likewise, as to CCA, a private corporation is not vicariously liable under §1983 for its employees' deprivations of others' civil rights. Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003). Plaintiff has not presented allegations of involvement by CCA nor does he identify an unconstitutional policy implemented by CCA that causally resulted in Plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. denied, 508 U.S. 951 (1993). Although Plaintiff alleges that CCA is "responsible for ensuring that all employees are trained in their proper fields of work," he does not present any non-conclusory allegations that CCA failed to train any

employees, or that the nurse's actions were caused by a lack of training.

## 2. Voluntary Dismissal of Other Defendants

In his amended complaint, Plaintiff presents claims as to four defendants, and states that he does not seek damages from the following defendants at this time: Shift Supervisor Ward, Officer Wyatt, Assistant Williams, Assistant King, Pat Thomas, and Chief Lucas. Therefore, these defendants should be dismissed without prejudice.

### *Conclusion*

In summary, Plaintiff's complaint fails to state a claim for which relief can be granted against *Tim Keith and CCA*. **IT IS RECOMMENDED** that Plaintiff's claim against **Tim Keith** and **CCA** be **DENIED** and **DISMISSED** with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A. *A separate order will issue with regard to service of process on Defendants Hailey and Culp.* Additionally, **IT IS RECOMMENDED** that the claims against all remaining defendants be **DISMISSED WITHOUT PREJUDICE** in accordance with Plaintiff's Amended Complaint [Doc. #10].

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific,

written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 9th day of September, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE